# [ORAL ARGUMENT NOT SCHEDULED]
# No. 25-5072

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re ELON MUSK, in his official capacity, et al.,

Petitioners.

# EMERGENCY MOTION FOR A STAY
# PENDING A RULING ON THE GOVERNMENT'S
# PEITITION FOR A WRIT OF MANDAMUS AND
# AN IMMEDIATE ADMINISTRATIVE STAY

YAAKOV M. ROTH
  Acting Assistant Attorney
    General, Civil Division

ERIC D. McARTHUR
  *Deputy Assistant Attorney
    General*

MARK R. FREEMAN
GERARD SINZDAK
JOSHUA DOS SANTOS
  Attorneys, Appellate Staff
  Civil Division, Room 7242
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-0718

The government respectfully requests that this Court issue a stay of the district court's March 12, 2025 discovery order pending this Court's review of the government's accompanying petition for a writ of mandamus, which asks this Court to quash that order. The district court's order requires petitioners to produce the relevant discovery by April 2, 2025 and denied the government's request for a stay. Accordingly, the government asks this Court to rule on this stay motion by March 26, 2025, to provide the government with time to seek relief from the Supreme Court, if necessary. The government also requests that the Court issue an immediate administrative stay of the order and toll the deadline for compliance with the discovery order until 21 days after the Court decides the government's stay motion, so that the Executive Branch will not have to incur the burden of preparing responses to the plaintiffs' overbroad and improper discovery requests. Plaintiffs oppose the mandamus petition and stay motion.

A stay is warranted here. The government's accompanying petition for a writ of mandamus explains the district court's errors as well as the irreparable harm and burden on the separation of powers that the discovery order will cause. In short, the government is likely to prevail on the merits of its petition for mandamus. The district court's order permits plaintiffs to

take sweeping and intrusive discovery into the operations of the Office of the President, requiring the Chief Executive to produce information detailing both the substance of the advice provided by his closest advisors and the process through which that advice was formulated and communicated to the President and other Executive Branch officials. Separation-of-powers principles and the "high respect" that courts must afford the President in the conduct of his constitutional duties, *Cheney v. U.S. District Court*, 542 U.S. 367, 382 (2004), mandate that such discovery be permitted, if at all, only in the most exceptional of circumstances.

No such circumstances exist here. As the government explains in its petition, discovery is irrelevant to the proper resolution of plaintiffs' claims, which present questions of law and which, in any event, plaintiffs lack standing to bring. At a minimum, the district court should have resolved the government's motion to dismiss those claims before deciding whether the extraordinary discovery it ordered was necessary and the scope of any such discovery.

Absent a stay, moreover, the government will be irreparably harmed. Once the documents are produced, the intrusion upon the autonomy of the Office of the President and the confidentiality of its communications will have

occurred and cannot be remedied. Conversely, plaintiffs will not be harmed if they are prevented from obtaining discovery during the short time it will take this Court to decide the government's mandamus petition. As the district court recognized in denying plaintiffs' request for a temporary restraining order, plaintiffs' complaint fails to identify any harm that they have experienced or plausibly expect to experience on account of petitioners' actions, let alone irremediable harm. *See* Dkt. 29. Given the significant separation-of-powers concerns that the district court's order raises and the absence of any clear need for urgent discovery into the functioning of the Office of the President, the equities and public interest plainly favor a stay.

Those same constitutional infirmities also favor an administrative stay tolling the discovery order's deadline. As explained in the mandamus petition, the Supreme Court has already made clear that requiring the government to assess privileges "line by line" for discovery into the Office of the President and close presidential advisors is itself a heavy burden. *See Cheney v. U.S. District Court for D.C.*, 542 U.S. 367, 388 (2004). An administrative stay tolling the deadline is therefore necessary to avoid the unnecessary burdens caused by the vague and broadly phrased discovery order at issue here.

3

## CONCLUSION

For the foregoing reasons, the Court should grant a stay of the district court's discovery order pending this Court's resolution of the government's petition for a writ of mandamus. The government respectfully requests that the Court rule on this motion by March 26, 2025. And to avoid forcing the Executive Branch to bear the burden of preparing responses to plaintiffs' broad discovery requests, the government asks the Court to grant an immediate administrative stay tolling the district court's order.

Respectfully submitted,

YAAKOV M. ROTH
   Acting Assistant Attorney
     General, Civil Division

ERIC D. MCARTHUR
   *Deputy Assistant Attorney*
     *General*

MARK R. FREEMAN
GERARD SINZDAK
/s/ *Joshua Dos Santos*
JOSHUA DOS SANTOS
   Attorneys, Appellate Staff
   Civil Division, Room 7242
   U.S. Department of Justice
   950 Pennsylvania Avenue NW
   Washington, DC 20530
   (202) 514-0718

MARCH 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 711 words. The motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word 2016 in proportionally spaced 14-point CenturyExpd BT typeface.

*/s/ Joshua Dos Santos*
Joshua Dos Santos

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Paper copies of the motion will also be delivered to the D.C. Circuit. I further certify that the motion has been served on counsel by email on March 18, 2025 and will also be served by first-class mail. Finally, I certify that the motion has been served on the district court via email on March 18, 2025, and will be delivered by courier on the next business day.

*/s/ Joshua Dos Santos*
Joshua Dos Santos