**[ORAL ARGUMENT NOT SCHEDULED]**

**NO. 25-5072**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA**

---

In re ELON MUSK, in his official capacity, *et al.*,

Petitioners.

---

On Petitioners' Emergency Motion for a Stay Pending a Ruling on Government's Petition for A Writ of Mandamus and an Immediate Administrative Stay

---

**RESPONSE OF RESPONDENTS NEW MEXICO, ARIZONA, MICHIGAN, CALIFORNIA, CONNECTICUT, HAWAI'I, MARYLAND, MASSACHUSETTS, MINNESOTA, NEVADA, OREGON, RHODE ISLAND, VERMONT, & WASHINGTON IN OPPOSITION TO PETITIONERS' EMERGENCY MOTION**

---

RAÚL TORREZ
  *Attorney General of New Mexico*
STEVEN PERFREMENT*
  *Senior Litigation Counsel*
408 Galisteo Street
Santa Fe, NM  87501

KRISTIN K. MAYES
  *Attorney General of Arizona*
Joshua Bendor*
  *Solicitor General*
2005 North Central Avenue
Phoenix, AZ 85004

DANA NESSEL
  *Attorney General of Michigan*
JASON EVANS
  *Assistant Attorney General*
525 W. Ottawa St
Lansing, MI 48933

\* *Counsel of Record*

Date:  March 19, 2025

(Names and addresses of additional counsel appear on inside cover.)

**RAÚL TORREZ**
Attorney General of the State of New Mexico

Anjana Samant
*Deputy Counsel*
James Grayson
*Chief Deputy Attorney General*
Julie Sakura
*Senior Litigation Counsel*
Astrid Carrete
*Assistant Attorney General*
Malina Simard-Halm
*Assistant Attorney General*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM 87501
jgrayson@nmdoj.gov
asamant@nmdoj.gov
jsakura@nmdoj.gov
acarrete@nmdoj.gov
msimard-halm@nmdoj.gov
(505) 270-4332
*Attorneys for the State of New Mexico*

**DANA NESSEL**
Attorney General, State of Michigan

Joseph Potchen
*Deputy Attorney General*
Linus Banghart-Linn
*Chief Legal Counsel*
Michigan Department of Attorney General
525 W. Ottawa St
Lansing, MI 48933
(517) 335-7632
evansj@michigan.gov
potchenj@michigan.gov
*Attorneys for the People of the State of Michigan*

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

Daniel C. Barr
*Chief Deputy Attorney General*
Joshua Katz
*Assistant Attorney General*
2005 North Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Daniel.barr@azag.gov
Joshua.katz@azag.gov
*Attorneys for the State of Arizona*

**ROB BONTA**
Attorney General for the State of California

Nicholas R. Green
*Deputy Attorney General*
Thomas S. Patterson
*Senior Assistant Attorney General*
Mark R. Beckington
John D. Echeverria
*Supervising Deputy Attorneys General*
Maria F. Buxton
Michael E. Cohen
Carolyn F. Downs
*Deputy Attorneys General*
California Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
(415) 510–4400
nicholas.green@doj.ca.gov
*Attorneys for the State of California*


**WILLIAM TONG**
Attorney General for the State of Connecticut

Timothy Holzman
*Assistant Attorney General*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Michael.Skold@ct.gov

*Attorneys for the State of Connecticut*

**ANNE E. LOPEZ**
Attorney General for the State of Hawai'i

Kalikoʻonālani D. Fernandes
*Solicitor General*
David D. Day
*Special Assistant to the Attorney General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov

*Attorneys for the State of Hawai'i*


**ANTHONY G. BROWN**
Attorney General for the State of Maryland

Adam D. Kirschner
*Senior Assistant Attorney General*
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6424
AKirschner@oag.state.md.us

*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

Gerard J. Cedrone
*Deputy State Solicitor*
Massachusetts Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2282
gerard.cedrone@mass.gov

*Attorneys for the State of Massachusetts*

**KEITH ELLISON**
Attorney General for the State of Minnesota

Liz Kramer
*Solicitor General*
445 Minnesota Street, Suite 600
St. Paul, MN 55101
(651) 757-1010
liz.kramer@ag.state.mn.us

*Attorneys for the State of Minnesota*

**AARON D. FORD**
Attorney General for the State of Nevada

Heidi Parry Stern
*Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
HStern@ag.nv.gov

*Attorneys for the State of Nevada*

**DAN RAYFIELD**
Attorney General for the State of Oregon

Benjamin Gutman
*Solicitor General*
Philip Thoennes
*Senior Assistant Attorney General*
1162 Court St. NE
Salem, Oregon 97301-4096
(503) 378-4402
benjamin.gutman@doj.oregon.gov
philip.thoennes@doj.oregon.gov

*Attorneys for the State of Oregon*

**PETER F. NERONHA**
Attorney General for the State of Rhode Island

Katherine Connolly Sadeck
*Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400
ksadeck@riag.ri.gov

*Attorneys for the State of Rhode Island*

**CHARITY R. CLARK**
Attorney General for the State of Vermont

Ryan P. Kane
*Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-2153
ryan.kane@vermont.gov

*Attorneys for the State of Vermont*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

Kelsey Endres
*Assistant Attorney General*
Emma Grunberg
*Deputy Solicitor General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
kelsey.endres@atg.wa.gov
emma.grunberg@atg.wa.gov

*Attorneys for the State of Washington*

1

Petitioners are Elon Musk, the U.S. DOGE Service, the U.S. DOGE Service Temporary Organization, and President Trump. Respondents are a coalition of fourteen states.

Petitioners have filed a Petition for a Writ of Mandamus and an Emergency Motion for a Stay Pending a Ruling on the Government's Petition for a Writ of Mandamus and an Immediate Administrative Stay. This response addresses Petitioners' request for an immediate administrative stay only. As explained below, Respondent States will file a response to Petitioners' request for a stay pending review of their Petition no later than March 24, 2025.

Petitioners waited nearly one week after the district court issued an order granting in part Respondents' motion for expedited discovery, but nonetheless style their motion as an "emergency" and seek an "immediate" administrative stay. There are no adverse consequences to the Petitioners here absent an administrative stay, much less irreversible consequences. All Petitioners must do at present is gather data. Petitioners claim no harm other than producing discovery responses (D.C. Circuit Doc. #2106449, at 2), but they seek an immediate administrative stay tolling the deadline for compliance with the district court's order. Under their own formulation, then, Petitioners have provided no reason for an administrative stay. Respondents respectfully request that this court deny Petitioners' requested administrative stay.

2

Administrative stays are disfavored forms of emergency relief. "Administrative stays . . . 'freeze legal proceedings until the court can rule on a party's request for expedited relief.'" *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett, J., concurring) (quoting R. Bayefsky, *Administrative Stays: Power and Procedure*, 97 NOTRE DAME L. REV. 1941, 1942 (2022)).[1] "[T]he choice to issue an administrative stay reflects a first-blush judgment about the relative consequences of staying the lower court judgment versus allowing it to go into effect." *Id.* at 798 (Barrett, J., concurring). Given the status of this matter and the Petitioners' delay in seeking relief, the request should be denied.

Petitioners' emergency motion is based on a mischaracterization of the discovery order and ignores alternative means available to address any possible concerns about the specific discovery requests at issue. The details here are instructive. On March 12, 2025, the District Court granted in part and denied in part Respondent States' request for expedited discovery in support of their forthcoming motion for preliminary injunction. The court appropriately weighed the need for discovery considering the procedural posture of the case, the limited scope of the

---

[1] Respondents note that an emergency motion for a stay in the context of a mandamus petition itself appears to be a request for extraordinary relief. *See In re PetroCom License Corp.*, No. 00-1464, 2000 WL 1838854 (D.C. Cir. Nov. 14, 2000). In that case, Petitioners must thereby satisfy the stringent standard required for a writ of mandamus, a "drastic and extraordinary" remedy "reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259–260 (1947).

3

proposed discovery requests, and the objections of Petitioners. The discovery order allows just five Requests for Production of Documents, six Interrogatories, and six Requests for Admissions, while denying the Respondent States' request for two depositions. The discovery is directed only at Petitioner Elon Musk, the U.S. DOGE Service, and the U.S. DOGE Service Temporary Organization, not at President Trump.

Respondents' discovery at this stage seeks DOGE's post-decisional documents regarding what it has done and will soon do to the federal workforce, funding, and data systems. *See* ECF 45-1 at 6 (RFP 1-4); *id.* at 7 (ROG 3-5); *id.* at 8 (RFA 3-4). Importantly, the district court's order narrowed Respondents' discovery requests and expressly clarified that they are *not* directed at privileged materials. *See* Op. at 9-10 ("To the extent the term 'planning…documents' in Plaintiffs' Requests for Production is unclear … the court clarifies that it does not encompass draft or pre-decisional materials."). The approved discovery requests aim to verify Petitioners' public statements and other information regarding Mr. Musk's role with respect to DOGE. *See* ECF 45-1. All of this information is directly related to the facts and questions of law material to resolution of Respondents' forthcoming motion for a preliminary injunction, and the burden of collecting the data is minimal.

Petitioners' attempt to shoehorn this case into the mold of *Cheney v. U.S. Dist. Ct. for D.C.,* 542 U.S. 367 (2004), therefore fails. Far from "permit[ting]

[Respondents] to take sweeping and intrusive discovery into the operations of the Office of the President," D.C. Circuit Doc. #2106449, at 2, the discovery order expressly prohibits Respondents from seeking discovery from President Trump. Furthermore, the discovery requests exclude emails, text messages, electronic communications or materials prepared for presidential decision-making, and Petitioners' discovery relates to a factual defense Petitioners themselves have raised, specifically, that Mr. Musk and DOGE are not directing agency decisions and actions. *See In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008) (distinguishing the Supreme Court's decision in *Cheney* on this basis). Thus, while the discovery requests in *Cheney* asked for "everything under the sky," 542 U.S. at 387, the limited requests here are "reasonable," "narrowly tailored," and "necessary to resolve [Respondents'] forthcoming preliminary injunction motion." Op. 2, 4-10. Moreover, because Respondents' discovery requests were narrowly crafted not to seek materials protected by the deliberative process privilege or the presidential communications privilege, as the District Court recognized, *see id.* at 9, Petitioners will not have to undertake a line-by-line privilege review, unlike in *Cheney*.

Petitioners have not claimed, and realistically cannot claim, any irreparable harm has resulted over the week since the discovery order was issued. Petitioners' production is not due until April 2, 2025. Other than preparing for production of non-privileged materials, Petitioners are not required to take any other action. The

5

Court's failure to issue an administrative stay will *not* "have profound and immediate consequences" as required for an administrative stay. *Cf. United States v. Texas*, 142 S. Ct. 14, 15 (2021) (Sotomayor, J., concurring in part, dissenting in part).

Moreover, administrative stays are issued to "minimize harm while an appellate court deliberates." *Texas*, 144 S. Ct. at 798 (Barrett, J., concurring). Leaving the discovery order in effect and preserving the status quo will not cause Petitioners any immediate or irreparable harm between now and their proposed date for resolution of their stay motion. If anything, preserving the status quo gives Petitioners an opportunity to make a deliberate, fact-based argument about potential privilege claims that arise in connection with a specific discovery request—not an abstract objection.

In any event, the Respondent States commit to promptly filing their response to the Emergency Motion for a Stay Pending Review of the Petition, by March 24, 2025. Respondent States respectfully request that the Court order that any reply be filed by March 26, to allow for a timely disposition of Petitioner's emergency stay motion and a minimal disruption to the district court's carefully crafted schedule for consideration of Respondents' forthcoming motion for preliminary injunction. Respondent States are also prepared to promptly file a response to the Petition should the Court request one. *See* Circuit Rule 21(a) ("No responsive pleading to a petition for an extraordinary writ . . . is permitted unless requested by the court.").

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the motion contains 1,186 words. The motion complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word in proportionally spaced 14-point Times New Roman typeface.

/s/ *Steven Perfrement*
Steven Perfrement

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2025, I electronically filed the foregoing Opposition with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit through the appellate CM/ECF system. I further certify that the Opposition has been served on all counsel of record via e-mail on March 19, 2025.

*s/ Steven Perfrement*
Steven Perfrement