[ORAL ARGUMENT NOT SCHEDULED]

No. 25-5072

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

In re ELON MUSK, in his official capacity, et al.,

Petitioners.

_____

# REPLY IN SUPPORT OF EMERGENCY MOTION FOR A STAY
# AND AN IMMEDIATE ADMINISTRATIVE STAY
# PENDING A RULING ON THE GOVERNMENT'S
# PEITITION FOR A WRIT OF MANDAMUS

_____

YAAKOV M. ROTH
  Acting Assistant Attorney
    General, Civil Division

ERIC D. MCARTHUR
  *Deputy Assistant Attorney*
    *General*

MARK R. FREEMAN
GERARD SINZDAK
JOSHUA DOS SANTOS
  Attorneys, Appellate Staff
  Civil Division, Room 7242
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington, DC 20530
  (202) 514-0718

The Court should grant a stay tolling the government's discovery deadline pending disposition of the government's petition for a writ of mandamus.

As the government has explained in its mandamus petition and reply, mandamus is clearly warranted to quash the discovery order at issue here, which transgresses the limits that the Supreme Court has imposed on discovery against the Office of the President and the President's close advisors. At the very least, the government has shown that it is likely to prevail. Plaintiffs' contrary arguments lack merit for the reasons explained in the government's petition reply.

The discovery order also imposes irreparable harm on the government, not only because disclosure of any information will be impossible to undo, but because the order intrudes on the separation of powers and burdens the Office of the President with the task of sorting through privilege questions and responses to plaintiffs' vague requests. *See* Pet. 18-23, 35-38; *Cheney v. U.S. Dist. Ct. for District of Columbia*, 542 U.S. 367, 370 (2004) (explaining that discovery orders against the Office of the President implicate "the Executive's interests in maintaining its autonomy and safeguarding its communications' confidentiality"). Plaintiffs' assertions that the government

will not suffer harm are all based on the same incorrect reasoning that the government addresses in its petition reply. *See* Stay Response 5-6, 8.

Those harms clearly outweigh any interests on the other side of the ledger. Plaintiffs identify no imminent harm from delayed discovery. The district court already found that plaintiffs have failed to show irreparable harm, and plaintiffs make no renewed effort here. Plaintiffs assert that delay would "undermine the district court's authority to manage its docket and control the timing and scope of discovery" and "prejudice Respondents" (Stay Response 1), but provide no specifics explaining how that is so. Plaintiffs' contentions that they need discovery for their claims (Stay Response 4) are mistaken for the reasons the government has explained, but even if true would not constitute an immediate need for discovery. And plaintiffs' argument that discovery is "necessary to determine the full extent to which their conduct has harmed and will continue to harm Respondents' interests" (Stay Response 10) only highlights that plaintiffs have not shown any imminent harm likely to result during the pendency of this litigation.

The public interest likewise favors a stay of the discovery order here, which intrudes on sensitive activities of the Office of the President and presidential advisors. *See Nken v. Holder*, 556 U.S. 418, 435 (2009)

(explaining that the public interest factor merges with the government's interest). Plaintiffs' arguments to the contrary are again generic assertions that discovery will promote "accountability for, and transparency around, governmental decisionmaking" and avoid delay in resolving their claims. Stay Response 12. Those considerations do not outweigh the specific harms that the district court's unnecessary and overbroad discovery order imposes on the Office of the President.

Plaintiffs' argument that discovery may help them uncover constitutional violations (Stay Response 10) wrongly assumes the merit of their claims and improperly seeks an intrusive fishing expedition against the Executive, which is itself a separation of powers problem. Indeed, plaintiffs' reliance on the "public's interest in knowing whether those in power have acted within their lawful authority" underscores that plaintiffs have identified no violation and seek discovery for the improper purpose of unearthing claims they have so far been unable to identify. Stay Response 13. The public interest weighs against such an enterprise, not in favor of it, particularly against the President's office and close advisors.

## CONCLUSION

For the foregoing reasons, the Court should stay the district court's discovery order pending this Court's resolution of the government's petition for a writ of mandamus. The government respectfully requests that the Court rule on this motion by March 26, 2025.

                                                  Respectfully submitted,

                                                  YAAKOV M. ROTH
                                                      Acting Assistant Attorney
                                                          General, Civil Division

                                                ERIC D. MCARTHUR
                                                  *Deputy Assistant Attorney*
                                                        *General*

                                                MARK R. FREEMAN
                                                GERARD SINZDAK
                                                */s/ Joshua Dos Santos*
                                                JOSHUA DOS SANTOS
                                                    Attorneys, Appellate Staff
                                                    Civil Division, Room 7242
                                                    U.S. Department of Justice
                                                    950 Pennsylvania Avenue NW
                                                    Washington, DC 20530
                                                    (202) 514-0718

MARCH 2025

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing reply complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because the reply contains 626 words. The reply complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word 2016 in proportionally spaced 14-point CenturyExpd BT typeface.

/s/ *Joshua Dos Santos*
Joshua Dos Santos

# CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I electronically filed the foregoing reply with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. Paper copies of the reply will also be delivered to the D.C. Circuit. I further certify that the reply has been served on counsel by email on March 25, 2025 and will also be served by first-class mail. Finally, I certify that the motion has been served on the district court via email on March 25, 2025, and will be delivered by courier on the next business day.

/s/ *Joshua Dos Santos*
Joshua Dos Santos