**[ORAL ARGUMENT NOT SCHEDULED]**

**NO. 25-5072**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA**

---

In re ELON MUSK, in his official capacity, *et al.*,

Petitioners.

---

On Petition for a Writ of Mandamus to the United States District Court for the District of Columbia

---

**RESPONSE TO MOTION TO GOVERN FURTHER PROCEEDINGS**

---

RAUL TORREZ
 *Attorney General of New Mexico*
STEVEN PERFREMENT*
 *Senior Litigation Counsel*
408 Galisteo Street
Santa Fe, NM 87501

DANA NESSEL
 *Attorney General of Michigan*
JASON EVANS
 *Assistant Attorney General*
525 W. Ottawa St
Lansing, MI 48933

KRISTIN K. MAYES
 *Attorney General of Arizona*
Joshua Bendor*
 *Solicitor General*
2005 North Central Avenue
Phoenix, AZ 85004

 * *Counsel of Record*

Date:  June 26, 2025

(Names and addresses of additional counsel appear on inside cover.)

**RAÚL TORREZ**
Attorney General of the State of New Mexico

Anjana Samant
  *Deputy Counsel*
James Grayson
  *Chief Deputy Attorney General*
Julie Sakura
  *Senior Litigation Counsel*
Astrid Carrete
Malina Simard-Halm
  *Assistant Attorney General*
New Mexico Department of Justice
408 Galisteo Street
Santa Fe, NM  87501
jgrayson@nmdoj.gov
asamant@nmdoj.gov
jsakura@nmdoj.gov
acarrete@nmdoj.gov
msimard-halm@nmdoj.gov
(505) 270-4332
*Attorneys for the State of New Mexico*

**DANA NESSEL**
Attorney General, State of Michigan

Joseph Potchen
  *Deputy Attorney General*
Linus Banghart-Linn
  *Chief Legal Counsel*
Michigan Department of Attorney General
525 W. Ottawa St
Lansing, MI 48933
(517) 335-7632
evansj@michigan.gov
potchenj@michigan.gov
*Attorneys for the People of the State of Michigan*

**KRISTIN K. MAYES**
Attorney General for the State of Arizona

Joshua D. Bendor
  *Solicitor General*
2005 North Central Avenue
Phoenix, AZ 85004
(602) 542-3333
Joshua.Bendor@azag.gov
*Attorneys for the State of Arizona*

**ROB BONTA**
Attorney General for the State of California

Nicholas R. Green
  *Deputy Attorney General*
Thomas S. Patterson
*Senior Assistant Attorney General*
Mark R. Beckington
John D. Echeverria
  *Supervising Deputy Attorneys General*
Maria F. Buxton
Michael E. Cohen
Carolyn F. Downs
  *Deputy Attorneys General*
California Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
(415) 510–4400
nicholas.green@doj.ca.gov
*Attorneys for the State of California*

**WILLIAM TONG**
Attorney General for the State of
Connecticut

Timothy Holzman
    *Assistant Attorney General*
165 Capitol Ave
Hartford, CT 06106
(860) 808-5020
Michael.Skold@ct.gov
*Attorneys for the State of Connecticut*

**ANNE E. LOPEZ**
Attorney General for the State of
Hawaiʻi

Kalikoʻonālani D. Fernandes
    *Solicitor General*
David D. Day
    *Special Assistant to the Attorney
    General*
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
kaliko.d.fernandes@hawaii.gov
*Attorneys for the State of Hawaiʻi*

**ANTHONY G. BROWN**
Attorney General for the State of
Maryland

Adam D. Kirschner
    *Senior Assistant Attorney General*
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-6424
AKirschner@oag.state.md.us
*Attorneys for the State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

Gerard J. Cedrone
    *Deputy State Solicitor*
Massachusetts Office of the Attorney
General
One Ashburton Place, 20th Floor
Boston, MA 02108
(617) 963-2282
gerard.cedrone@mass.gov
*Attorneys for the State of Massachusetts*

**KEITH ELLISON**
Attorney General for the State of
Minnesota

Liz Kramer
    *Solicitor General*
445 Minnesota Street, Suite 600
St. Paul, MN 55101
(651) 757-1010
liz.kramer@ag.state.mn.us
*Attorneys for the State of Minnesota*

**AARON D. FORD**
Attorney General for the State of
Nevada

Heidi Parry Stern
    *Solicitor General*
Office of the Nevada Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
HStern@ag.nv.gov
*Attorneys for the State of Nevada*

**DAN RAYFIELD**
Attorney General for the State of
Oregon

Benjamin Gutman
    *Solicitor General*
Philip Thoennes
    *Senior Assistant Attorney General*
1162 Court St. NE
Salem, Oregon 97301-4096
(503) 378-4402
benjamin.gutman@doj.oregon.gov
philip.thoennes@doj.oregon.gov
*Attorneys for the State of Oregon*

**PETER F. NERONHA**
Attorney General for the State of Rhode
Island

Katherine Connolly Sadeck
    *Assistant Attorney General*
150 South Main Street
Providence, RI 02903
(401) 274-4400
ksadeck@riag.ri.gov
*Attorneys for the State of Rhode Island*

**CHARITY R. CLARK**
Attorney General for the State of
Vermont

Ryan P. Kane
    *Deputy Solicitor General*
109 State Street
Montpelier, VT 05609
(802) 828-2153
ryan.kane@vermont.gov
*Attorneys for the State of Vermont*

**NICHOLAS W. BROWN**
Attorney General for the State of
Washington

Kelsey Endres
    *Assistant Attorney General*
Emma Grunberg
    *Deputy Solicitor General*
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
kelsey.endres@atg.wa.gov
emma.grunberg@atg.wa.gov
*Attorneys for the State of Washington*

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................5

TABLE OF AUTHORITIES .........................................................................6

INTRODUCTION .........................................................................................8

BACKGROUND ...........................................................................................9

ARGUMENT ..............................................................................................11

I.      Petitioners have not met the high standard to obtain a writ of
        mandamus. .....................................................................................12

        A.      No clear and indisputable right to relief..............................12

        B.      Petitioners have other avenues of relief available................17

        C.      Mandamus is not appropriate under these circumstances....21

II.     *CREW* does not control...................................................................22

III.    The voluntary cessation doctrine is not applicable. ......................27

CONCLUSION ...........................................................................................28

CERTIFICATE OF COMPLIANCE............................................................29

CERTIFICATE OF SERVICE ....................................................................30

ATTACHMENTS ........................................................................................31

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chafin v. Chafin*,
    568 U.S. 165 (2013)..........................................................................28

*Cheney v. U.S. Dist. Ct. for D.C.*,
    542 U.S. 367 (2004).................................................... 12, 17, 26, 27

*Citizens for Resp. & Ethics in Washington v. U.S. DOGE Serv.*,
    349 F.R.D. 1 (D.D.C. 2025) ...............................................................22

*Cruz v. Am. Airlines, Inc.*,
    356 F.3d 320 (D.C. Cir. 2004)...........................................................20

*Dairyland Power Co-op. v. United States*,
    No. 04-106 C, 2008 WL 8776547 (Fed. Cl. Mar. 17, 2008) ..............17

*Ex parte Fahey*,
    332 U.S. 258 (1947)...........................................................................12

*Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*,
    920 F.3d 1 (D.C. Cir. 2019)..............................................................27

*In re Moore*,
    955 F.3d 384 (4th Cir. 2020) ................................... 13, 15, 16, 17, 21

*In re U.S. DOGE Serv.*,
    No. 25-5130, 2025 WL 1393222 (D.C. Cir. May 14, 2025)......... 22, 23

*In re Vazquez-Botet*,
    464 F.3d 54 (1st Cir. 2006) ..............................................................13

*In re Wright*,
    765 F. App'x 381 (9th Cir. 2019) ......................................................12

*New Mexico v. Musk*,
    No. 25-CV-429 (TSC), 2025 WL 1502747 (D.D.C. May 27, 2025)..................25

*Preiser v. Newkirk,*
   422 U.S. 395 (1975) .................................................................................21

*U.S. Dept. of Treasury v. Pension Benefit Guar. Corp.,*
   351 F. Supp. 3d 140 (D.D.C. 2018) ...................................................16

*U.S. DOGE Serv. v. Citizens for Resp. & Ethics in Washington,*
   No. 24-1246, 2025 WL 1602338 (U.S. June 6, 2025) ............... 22, 23, 24, 25, 26

**Rules**

Fed. R. App. P. 27(d) .................................................................................29

Fed. R. App. P. 32(a) .................................................................................29

Fed. R. Civ. P. 16(b) .................................................................................18

Fed. R. Civ. P. 26 .................................................... 8, 14, 15, 17, 18, 19, 21

Fed. R. Civ. P. 56(d) .................................................................................22

## INTRODUCTION

The next steps in this proceeding are straightforward.  Petitioners asked the Court to "issue a writ of mandamus quashing the district court's March 12, 2025 discovery order."  Pet. (Doc. #2106448) at 8.[1]  Respondents have now withdrawn the expedited discovery requests that were the subject of the March 12 discovery order, *see* ECF No. 101, and the district court has entered an order declaring its intent to vacate that order as soon as this Court lifts its stay, ECF No. 103.  The Court should therefore lift the stay and deny the Petition as moot.  No other action is necessary or appropriate at this time.

Petitioners nevertheless attempt to use their Motion to Govern Further Proceedings (Doc. #2121038) to dramatically expand the scope of these proceedings.  In the Motion, Petitioners ask the Court to order relief that is not included in the Petition and to make new law in the process.  Petitioners now ask the Court to prospectively foreclose *any* "equivalent or similar discovery in this case," Mot. at 3, effectively bypassing Rule 26 of the Federal Rules of Civil Procedure and the district court.  The Court should decline the invitation to issue such an advisory opinion.

---

[1] Citations to the Petition and Motion to Govern Further Proceedings refer to the page number assigned by the Court's electronic filing system.

The mere possibility that the parties may have future discovery disputes or that Petitioners may disagree with how the district court resolves such a hypothetical future dispute does not warrant preemptive intervention from this Court. *If* there is discovery in this case, the parties and the district court are capable of hashing out any discovery issues using the tools available under the Rules of Civil Procedure. This Court should allow any such discovery disputes to play out as prescribed in the federal rules before weighing in. The Court should deny Petitioners' request for a preemptive writ and allow the case to proceed in the ordinary course.

## BACKGROUND

The response to the Petition includes a detailed summary of the circumstances leading up to the Petition. *See* Resp. to Pet. (Doc. #2107454) at 13-18. To briefly recap, Respondents filed a motion for expedited discovery based on their intent to file a preliminary injunction motion. ECF No. 45; ADD096-109. The district court considered Respondents' discovery requests in that context and procedural posture, and granted in part and denied in part their motion, narrowing the proposed discovery requests. ECF No. 60; ADD001-014. Petitioners then filed the Petition and asked this Court to stay the discovery order. *See* Pet.; Mot. to Stay (Doc. #2106449). This Court granted the stay request and directed the parties to notify the Court when the district court had ruled on Petitioners' motion to dismiss. Order dated March 26, 2025 (Doc. #2107891). On May 27, 2025, the district court granted

in part and denied in part Petitioners' motion to dismiss, ECF No. 93, and the parties promptly notified the Court, Docs. #2117898, 2117920.  This Court directed Petitioners to file a motion to govern further proceedings and set a briefing schedule. Order dated May 29, 2025 (Doc. #2118064).

A lot happened while Petitioners' motion to dismiss was pending.  Petitioner DOGE continued to insert itself into the operations of federal agencies and sub-agencies.  Other lawsuits challenging DOGE's actions proceeded.  And most notably, it was announced that Petitioner Musk would be stepping down as a special government employee and leaving the White House.  Mr. Musk did, in fact, leave the government on May 30, 2025.  Respondents notified Petitioners and the district court that they no longer intended to seek a preliminary injunction and would therefore withdraw their motion for expedited discovery in light of these intervening events. ECF No. 101.  The district court issued a ruling indicating that it will vacate the discovery order when this Court lifts the stay of that order.  ECF No. 103.

In the course of preparing their Motion to Govern Further Proceedings, Petitioners asked Respondents if they would agree "not to seek the same or equivalent discovery in this case."  *See* Attach. A, Email dated June 6, 2025 from C. Lynch to S. Perfrement.  As Petitioners note, Respondents replied that they "cannot agree to foreclose discovery on topics that might overlap with those covered by the expedited discovery requests and that would be permissible under the federal rules."

*See* Attach. B, Email dated June 9, 2025 from S. Perfrement to C. Lynch. Respondents further stated that "*if* we pursue merits discovery, it will be tailored to the factual and legal landscape as it exists when drafted." *Id.* (emphasis added). In their Motion, Petitioners now ask this Court to "order the district court to vacate its March 12 discovery order," and to "provide guidance directing the district court not to order any equivalent or similar discovery against White House advisors and USDS in this case." Mot. at 8.

## ARGUMENT

Petitioners' Motion is meritless. Their Petition asked this Court to issue a writ of mandamus quashing an order granting expedited discovery, but the district court has indicated that it will vacate that order. There is no need for this Court to consider whether to issue an extraordinary writ because Petitioners are effectively getting what they wanted—there will be no expedited discovery in this case. There is nothing left of the Petition.

Rather than proceeding with the case in the ordinary course, Petitioners filed their Motion asking this Court to *order* the district court not to allow "any equivalent or similar discovery," which they did not define, and which Respondents have not sought. Petitioners did not seek such broad relief in their Petition, and even if they had, Petitioners are not entitled to such a sweeping, prospective writ. Indeed, Petitioners cite no case where a Court has issued a writ of mandamus based on events

11

that have not yet occurred.  Even under the *Cheney* analysis invoked by Petitioners, a court must examine the contours of actual discovery requests.  *Cheney* does not authorize courts to issue wholly advisory opinions.  The Court should not allow Petitioners to short-circuit the progression of this case under the Civil Rules.

## I.    Petitioners have not met the high standard to obtain a writ of mandamus.

A writ of mandamus is a "drastic" and "extraordinary" remedy and should be "reserved for really extraordinary causes."  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)).  To prevail, Petitioners must show that (1) their "right to issuance of the writ is 'clear and indisputable,'" (2) they have "no other adequate means to attain the relief [they] desire[]," and (3) the writ is appropriate under the circumstances. *Id.* at 380-81 (citations omitted).

### A.    No clear and indisputable right to relief.

The relief sought in the Petition was a writ quashing the March 12 discovery order.  Pet. at 8.  Petitioners had no clear and indisputable right to that relief for the reasons explained in the Response to the Petition (at 20-38), and they are certainly not entitled to that relief now that the district court has indicated that it will vacate the order.  *See, e.g.*, *In re Wright*, 765 F. App'x 381, 382 (9th Cir. 2019) (denying mandamus petition as moot where district court had already taken the action requested by the petitioner).

Neither are Petitioners entitled to their newly requested relief—a writ directing "the district court not to order any equivalent or similar discovery" in this case. Mot. at 8. Petitioners cannot show a "clear and indisputable right" to a writ of mandamus based on events that have not yet occurred and may not occur. *See In re Moore*, 955 F.3d 384, 390 (4th Cir. 2020) (denying mandamus petition seeking recusal of district judge because "the grounds for … recusal remain contingent on future events"); *see also In re Vazquez-Botet*, 464 F.3d 54, 59 (1st Cir. 2006) (denying mandamus petition seeking recusal based on "speculative scenarios about what may or may not transpire at trial" because it would require the court to address recusal questions "in the abstract").

Petitioners claim that "the issues pending in these mandamus proceedings are likely to recur" because Respondents "have … expressly refused to disavow seeking a discovery order … that is equivalent or substantially similar" to the March 12 discovery order. Mot. at 3, 9. That claim is misleading—Respondents simply declined to waive their right to take discovery that may be permissible because they do not yet know what discovery they will take (if any). It is also an oversimplification. The reason there was a discovery order for Petitioners to challenge is because Respondents sought *expedited* discovery based on their intent to file a preliminary injunction motion. Once that order is vacated, Respondents cannot turn around and seek a "discovery order … that is equivalent or substantially

similar." Mot. at 3. That is not how Rule 26 discovery works.  *See* Argument § I(B),

below (explaining the discovery process under Rule 26).

In addition, many of the arguments raised in the Petition will not apply to

discovery requests made in the ordinary course.  For example, the Petition focuses

heavily on Petitioners' arguments (1) that discovery was "premature" because the

district court had not yet resolved their motion to dismiss and (2) that discovery was

unnecessary and irrelevant based on the arguments raised in their motion to dismiss.[2]

The motion to dismiss is now resolved, and there will be no expedited discovery.

The calculus for any potential future discovery requests would be significantly

different.

Respondents are analyzing how to proceed based on the district court's order

on Petitioner's motion to dismiss and in light of continuing factual developments

since their complaint was filed.  The bottom line is that the parties do not yet know

---

[2] *See* Pet. at 9 (arguing that district court erred by authorizing discovery "at the very outset of the case"); 10 (arguing that "discovery is *irrelevant*" because Respondents' claims should be "resolved—and rejected—on the basis of [their] complaint") (emphasis original); 25 (arguing that the district court erred by allowing discovery "before deciding the government's pending motion to dismiss" and "ignor[ed] the government's argument that [Respondents] claims could be decided without discovery"); 28 (district court erred by distinguishing DOGE from committee in *Cheney* "at this stage of proceedings, before a preliminary injunction motion has even been filed"); 32-37 (claiming that no discovery is needed and repeating arguments from motion to dismiss); 37 (arguing that by authorizing discovery while the motion to dismiss was pending, the district court "improperly disregarded the opportunity" to "narrow the case or dispose of it entirely"); 40 (repeating arguments from motion to dismiss).

what will happen with respect to discovery.  Respondents are not yet required to determine what merits discovery they will seek, nor should they be forced to do so before a Rule 26(f) conference and under threat of a mandamus petition, while the facts on the ground continue to evolve.

For these reasons, Petitioners cannot establish a clear and indisputable right to a prospective writ ordering the district court to not allow hypothetical future discovery.  *In re Moore* is illustrative that mandamus is not available as prospective relief for possible harms.  There, a criminal defendant learned prior to trial that the district court judge assigned to his case had previously prosecuted him for a bank robbery.  955 F.3d at 387.  The defendant moved for recusal because the charges at issue implicated the federal "three-strikes" statute, which could potentially require the district court at sentencing to determine whether the defendant's prior conviction qualified as a "strike" under the statute.  *Id.*  The district court denied the recusal motion, reasoning that the prior conviction would only be relevant at sentencing and only under certain circumstances.  *Id.* at 388.  The defendant sought a writ of mandamus ordering the district court to recuse.  *Id.*

The Fourth Circuit found that the defendant had no clear and indisputable right to the district court's recusal "in response to grounds for disqualification that might never materialize."  *Id.* at 388-89.  Even assuming that the district judge would be required to recuse under certain circumstances at the sentencing phase, the court

15

found that "at this time, it is entirely uncertain whether that will come to pass." *Id.* at 389. Although the court observed that there was a split of authority regarding whether partial recusal at the sentencing phase would be permissible, the court concluded that "it is enough to say that in this case, any right to recusal before trial … is not indisputable." *Id.* at 390.

The same principles apply here. It is unclear whether Respondents will take discovery, whether the parties will be able to reach agreement on discovery in certain (and perhaps sufficient) respects, how the district court would rule with regard to any disputed discovery requests, and what issues will be brought to this Court and in what posture. In sum, it is "entirely uncertain whether" similar discovery disputes "will come to pass." *Id.* at 389.

Further, Petitioners' argument that this Court should bar future discovery of the Executive Branch is not merely premature, but wrong on the law. For instance, in another case in this circuit, a district court ordered production of "[d]raft memoranda from staffers" to a presidential advisor and "personal requests for information by President Obama along with … emails and a memorandum in response." *U.S. Dept. of Treasury v. Pension Benefit Guar. Corp.*, 351 F. Supp. 3d 140, 157-59 (D.D.C. 2018). Another court has ordered production of similar documents, including a memo prepared by "senior-level officials from the Executive Office of the President," and a memo prepared by the Office of Management and

Budget. *Dairyland Power Co-op. v. United States*, No. 04-106 C, 2008 WL 8776547, at *6-8 (Fed. Cl. Mar. 17, 2008).

To be sure, courts must be mindful of separation of powers principles and executive privilege, and must ensure that discovery requests are appropriately tailored in light of those considerations. *E.g.*, *Cheney*, 542 U.S. at 383-92. But discovery into the Executive Branch is not categorically foreclosed. And there is no need for the Court to bypass the district court and engage in premature line drawing in this case at this point. For now, "it is enough to say that … any right" to be broadly and preemptively shielded from discovery requests "is not indisputable." *In re Moore*, 955 F.3d at 390.

### B. Petitioners have other avenues of relief available.

In addition, as to the relief sought in the Petition, Petitioners have many other avenues of relief available, including other avenues of relief under the federal rules to address any concerns about future discovery that may or may not occur. *See* Resp. at 38-41.

Once the stay is lifted, and the March 12 order is vacated, the next step in proceedings before the district court will be for the parties to hold a Rule 26(f) conference. Fed. R. Civ. P. 26(f). At that conference, the parties are required to meet and confer about a discovery plan for the case, which must include "the parties' views and proposals on" the following topics:

17

- Whether any changes are necessary to disclosures required under Rule 26(a);

- The subjects on which discovery may be needed, including whether discovery should be conducted in phases or limited;

- Issues related to electronically stored information;

- Issues regarding claims of privilege;

- Whether changes should be made to the limitations imposed on discovery under federal and local rules; and

- Any other orders the court should enter under Rule 26(c).

Fed. R. Civ. P. 26(f). The district court may then address discovery issues, such as timing, scope, limitations, and agreements of the parties, in its scheduling order. Fed. R. Civ. P. 16(b).

The process under Rule 26 is important because it provides the parties and the district court the opportunity to resolve disagreements at the start of discovery and thereby minimize discovery disputes as the case proceeds. *Cf.* Fed. R. Civ. P. 26(f), advisory committee's note to 1993 amendment (noting that a discovery plan prepared by the parties "will assist the [district] court in seeing that … the limitations on the extent of discovery under these rules and local rules are tailored to the circumstances of the particular case").

Once the district court enters a scheduling order, and if Respondents serve any discovery requests, the Rules require that the parties meet and confer regarding any disputes. Fed. R. Civ. P. 26(c). If the parties are unable to reach a resolution, the

district court's sample scheduling order requires the parties to jointly submit a summary of the dispute and participate in a telephone conference. If necessary, Petitioners may seek a protective order under Rule 26(c). Thus, the Civil Rules provide Petitioners with numerous avenues to address any future discovery requests that they believe are improper before seeking any relief in this Court.

To the extent Respondents seek discovery at a later date, the parties and the district court should have the opportunity to sort out the scope of that discovery in the first instance—as parties and courts do in every case. In assessing whether and how to seek discovery, Respondents are mindful of the limits sent by Rule 26(b)(1) and of their obligation to meet and confer with Petitioners in good faith regarding any discovery disputes. Respondents are aware they may not seek privileged material. *Id.* They are aware that discovery must be relevant to their claims and defenses and proportional to the needs of the case, "considering the importance of the issues at stake," the parties' resources and "relative access to relevant information," the "importance of the discovery in resolving the issues," and whether the burden or expense of proposed discovery outweighs the benefits. *Id.*

Importantly, Respondents are also mindful of guidance from appellate courts regarding discovery requests directed at the Executive Branch. Respondents are capable of crafting discovery requests that are appropriately tailored to the circumstances of this case. And the district court is capable of refereeing discovery

19

disputes and further tailoring discovery requests if necessary based on respect for separation of powers and executive privilege.

Petitioners have never asked the district court for the relief they now seek in the Motion. This Court should exercise its "well-established discretion not to consider claims that litigants fail to raise sufficiently below and on which district courts do not pass." *Cruz v. Am. Airlines, Inc.*, 356 F.3d 320, 329 (D.C. Cir. 2004) (declining to consider claim for injunctive relief that was not adequately presented to district court). Any disputes about future discovery should be evaluated by the district court in the first instance. This will narrow disputes and sharpen the presentation of issues for this Court to review if necessary.

Finally, to the extent Petitioners are trying to shoehorn review of the partial denial of their motion to dismiss into these proceedings, *see* Mot. at 15-19, they plainly have other avenues of review for that question. Petitioners can appeal after the district court enters a final judgment. Or, before that, Petitioners can ask the district court to certify its order on their motion to dismiss for interlocutory appeal. They have not done so. But they may not use their disagreement with the district court's unchallenged decision on their motion to dismiss to avoid basic litigation responsibilities.

### C.    Mandamus is not appropriate under these circumstances.

The writ requested in the Petition was not appropriate under the circumstances when it was filed, Resp. at 41-43, and it is even less appropriate now that the district court has already said it will vacate the order the Petition seeks to quash.

A prospective writ blocking future discovery in this case is also not appropriate under the circumstances.  A writ of mandamus is "one of the most potent weapons in the judicial arsenal," and courts are reluctant "to use such a drastic remedy" where the basis "is still hypothetical and speculative."  *In re Moore*, 955 F.3d at 390 (citation omitted).  That is the case here.  The scope of future discovery disputes remains unknown because the parties have not taken any of the steps outlined under Rule 26(f).  For that reason, any ruling on the scope of future discovery would be an advisory opinion, and federal courts do not "render advisory opinions."  *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

The Court should allow the discovery process (if any) and any hypothetical disputes about such discovery to play out in the district court in the first instance.  If the parties and the district court are unable to resolve any future discovery disputes, then parties will have narrowed them and sharpened the issues before bringing any disputes back to this Court.

21

**II.    *CREW* does not control.**

Petitioners rely heavily on the Supreme Court's recent, one-page order in *U.S. DOGE Serv. v. Citizens for Resp. & Ethics in Washington*, No. 24-1246, 2025 WL 1602338 (U.S. June 6, 2025) ("*CREW*").  But that order does not support Petitioners' request for an advisory opinion and preemptive writ shutting down hypothetical future discovery.  In fact, as explained below, that order weighs in Respondents' favor as it contemplates some discovery against DOGE.

*CREW* is a FOIA case.  There, DOGE moved for summary judgment on the ground that it is not an agency subject to FOIA.  *Citizens for Resp. & Ethics in Washington v. U.S. DOGE Serv.*, 349 F.R.D. 1, 4 (D.D.C. 2025).  The district court granted in part CREW's request for discovery under Rule 56(d), holding that whether DOGE is an agency under the FOIA statute turns on whether it "wield[s] substantial authority independently of the President."  *Id.* at 5 (citation omitted).  This court denied mandamus.  *See In re U.S. DOGE Serv.*, No. 25-5130, 2025 WL 1393222, at *1 (D.C. Cir. May 14, 2025).  The Supreme Court vacated and remanded to this court "for further consideration in light of this order."  *CREW*, 2025 WL 1602338, at *1.

Critically, the Supreme Court's order did not accept the government's assertion that no discovery should be allowed.  To the contrary, the Supreme Court indicated that some discovery into DOGE was likely proper.  First, the Court noted

that certain portions of the district court's discovery order were "not appropriately tailored," *id.*, necessarily indicating that some discovery of DOGE in that case could be appropriate with tailoring. Second, the Supreme Court directed this court "to narrow the April 15 discovery order consistent with this order." *Id.* That direction "to narrow" the discovery order, again, necessarily implies that some of the discovery order will remain.

The Supreme Court's direction to narrow the *CREW* discovery order does not support or require an advisory opinion barring any future discovery here. The district court is fully capable of applying any new principles from *CREW* to any future discovery disputes. And if this Court is called upon to review any such decision, via mandamus or otherwise, it too can apply the Supreme Court's *CREW* order—plus this Court's decision on remand, for which briefing will soon be complete. *See In re U.S. DOGE Serv.*, No. 25-5130 (June 18, 2025) (setting briefing on CREW's motion for summary disposition to conclude on June 30, 2025).

Petitioners also try to use the *CREW* order to relitigate their Petition, but this case is readily distinguishable from *CREW*. This is not a FOIA case, and Respondents do not advance the legal theory that the Supreme Court found problematic in *CREW*—that an entity's legal status can turn on its ability to persuade. Moreover, the March 12 discovery order is already consistent with the three substantive sentences of the *CREW* order.

23

First, the Supreme Court held in *CREW* that "[t]he portions of the District Court's April 15 discovery order that require the Government to disclose the content of intra–Executive Branch USDS *recommendations* and whether those *recommendations* were followed is not appropriately tailored." 2025 WL 1602338, at *1 (emphases added). But the district court here reached the same conclusion on its own and did not allow discovery regarding recommendations. *See* ADD009 ("The court will strike 'recommended' and 'recommendation' and insert 'directed' and 'direction.'").

Second, *CREW* held that "[a]ny inquiry into whether an entity is an agency for the purposes of the Freedom of Information Act cannot turn on the entity's ability to persuade." 2025 WL 1602338, at *1. That is a statutory holding about FOIA that does not directly speak to Respondents' Appointments Clause or *ultra vires* claims here. And in any event, those claims and Respondents' previously requested discovery do not turn on DOGE's and Musk's "ability to persuade." As the district court recognized, the discovery here sought to identify "the parameters of DOGE's and Musk's authority—a question central to Plaintiffs' claims." ADD008. That is why the district court authorized discovery regarding conduct that DOGE and Musk "directed," but not conduct that they "recommended." *See* ADD009.

The district court's order denying the motion to dismiss—for which Petitioners have not properly sought any relief—further supports this conclusion. As

24

the district court recognized, Respondents do not claim that Musk is merely persuasive; rather, they "sufficiently allege that Musk exercises significant authority pursuant to the laws of the United States." *New Mexico v. Musk*, No. 25-CV-429 (TSC), 2025 WL 1502747, at *14 (D.D.C. May 27, 2025). Respondents adequately alleged "that Musk decides the continued existence of federal agencies, the employment terms for millions of federal employees, and federal funds allocated by grants, contracts, and loans." *Id.* (citing Compl. ¶¶ 98–100, 120, 146–47); *see also id.* at *15 (Respondents "point to facts supporting an inference that Musk directs actions by other federal employees, including DOGE personnel, Compl. ¶¶ 60, 70–75, briefs President Trump only 'as needed,' *id.* ¶ 73, and acts 'without advance consultation with President Trump or White House staff,' *id.* ¶ 219"). Petitioners attempted "to minimize Musk's role, framing him as a mere advisor without any formal authority." *Id.* The district court rightly rejected this argument at the pleading stage because "to conclude that Musk is solely an advisor, the court must ignore, misconstrue, or reject [Respondents'] allegations, which it cannot do on a motion to dismiss." *Id.* Petitioners' other critiques of the order denying the motion to dismiss—which they have not challenged—are irrelevant, and amply refuted by that well-reasoned order. *See* Mot. at 15-19.

In other words, Respondents' legal theory in this case simply does not include the idea that the Supreme Court found problematic in *CREW*: that an agency's legal

status could turn on its ability to persuade.  Likewise, the discovery previously approved by the district court does not seek information related to DOGE or Musk's ability to persuade.  The discovery order below therefore already reflects *CREW's* admonition on that score.

Third, *CREW* reminded courts that "separation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications."  2025 WL 1602338, at *1 (citing *Cheney*, 542 U.S. at 385).  But once again, the district court's discovery order already reflected this.  *See* ADD011 ("The 'Executive's constitutional responsibilities and status [are] factors counseling judicial deference and restraint in the conduct of litigation against it,' 'including the timing and scope of discovery.'") (quoting *Cheney*, 542 U.S. at 385) (further internal quotation marks and citation omitted, and alteration in original); ADD012 ("the court will add two further modifications to avoid any 'unnecessary intrusion into the operation of the Office of the President.'") (quoting *Cheney*, 542 U.S. at 387).  In light of these and other statements on page 11 of the decision below, Petitioners' claim that the district court "concluded that separation-of-powers principles do not bear on discovery in this case" is a gross misrepresentation. Mot. at 13 (citing ADD009-11).

Whether the discovery order below struck that balance exactly right is no longer at issue (if it ever was on mandamus review) because Respondents have

withdrawn those discovery requests. And any decisions regarding any future discovery disputes will require the district court to apply the requisite "deference and restraint" to the specific requests before it. *Cheney*, 542 U.S. at 385 (citation omitted). Likewise, whether the district court should have considered narrower alternatives—such as ruling on the motion to dismiss, which it has now denied—is irrelevant to whether this court should grant a writ of mandamus blocking future, hypothetical discovery. *See* Mot. at 13.

## III.    The voluntary cessation doctrine is not applicable.

In an effort to convince the Court to award a prospective writ, Petitioners refer to the voluntary cessation doctrine. Mot. at 9-10. But that doctrine is inapplicable here. "The voluntary-cessation rule is designed to deter the wrongdoer who would otherwise 'engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends.'" *Guedes v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 920 F.3d 1, 15 (D.C. Cir. 2019) (citation omitted). Put differently, the voluntary cessation doctrine is concerned with conduct that is allegedly unlawful and being challenged as unlawful. It applies to a party's attempt to avoid litigation altogether, not to a party's lawful litigation decisions.

None of the cases cited by Petitioners involve application of the voluntary cessation doctrine to a party's litigation choices. Parties are allowed to change their

27

strategies and allowed to withdraw motions.  Such conduct is consistent with, and

furthers, the courts' interest in preserving limited judicial resources and promoting

economy.  In fact, even when determining whether the voluntary cessation exception

to mootness applies in a particular case, courts are also careful to ensure that they

are not ruling on "a hypothetical state of facts." *Chafin v. Chafin*, 568 U.S. 165, 173

(2013) (cleaned up).

## CONCLUSION

The Petition should be denied.

Respectfully submitted,

> **KRISTIN K. MAYES**
> Attorney General for the State
> of Arizona
>
> /s/ *Joshua D. Bendor*
> Joshua D. Bendor
> *Solicitor General*
> 2005 North Central Avenue
> Phoenix, AZ 85004
> (602) 542-3333
> Joshua.Bendor@azag.gov

June 26, 2025

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing brief complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 4,918 words. The brief complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared using Microsoft Word in proportionally spaced 14-point Times New Roman typeface.

*s/ Joshua D. Bendor*
Joshua D. Bendor

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit through the appellate CM/ECF system.  I also hereby certify that the participants in the case have been served through the CM/ECF system and via email on June 26, 2025.

<u>*s/ Joshua D. Bendor*</u>
Joshua D. Bendor

# ATTACHMENT A

| From: | Lynch, Christopher M. (CIV) |
|---|---|
| To: | Steven Perfrement; Hartlieb, Garry (CIV); Wen, James J. (CIV); dlenz@campaignlegalcenter.org; khamilton@campaignlegalcenter.org; bferguson@campaignlegalcenter.org; hszilagyi@campaignlegalcenter.org; rappel@campaignlegalcenter.org |
| Cc: | Anjana Samant; Siler, Jacob S. (CIV); Sinzdak, Gerard J (CIV); Dos Santos, Joshua Y. (CIV); Santos, Josh Y Dos. (OSG) |
| Subject: | RE: Motion to Vacate Discovery Order |
| Date: | Friday, June 6, 2025 12:07:26 PM |
| Attachments: | image001.png |

Hi Steven,

Thanks for your response, and appreciate your trying to keep everyone on the thread; I understand the challenges given the many folks involved in these cases on both sides. Regarding the motion you filed today, will Plaintiffs agree not to seek the same or equivalent discovery in this case?

Thanks, and have a good weekend.

Best,
Chris

---

**From:** Steven Perfrement <SPerfrement@nmdoj.gov>
**Sent:** Friday, June 6, 2025 10:19 AM
**To:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Hartlieb, Garry (CIV) <Garry.Hartlieb2@usdoj.gov>; Wen, James J. (CIV) <James.J.Wen@usdoj.gov>; dlenz@campaignlegalcenter.org; khamilton@campaignlegalcenter.org; bferguson@campaignlegalcenter.org; hszilagyi@campaignlegalcenter.org; rappel@campaignlegalcenter.org
**Cc:** Anjana Samant <ASamant@nmdoj.gov>; Siler, Jacob S. (CIV) <Jacob.S.Siler@usdoj.gov>; Sinzdak, Gerard J (CIV) <Gerard.J.Sinzdak@usdoj.gov>; Dos Santos, Joshua Y. (CIV) <Joshua.Y.Dos.Santos@usdoj.gov>; Santos, Josh Y Dos. (OSG) <Josh.Y.Dos.Santos@usdoj.gov>
**Subject:** [EXTERNAL] RE: Motion to Vacate Discovery Order

Thanks, Christopher –

I am going to go ahead and get the motion on file this morning. I don't really understand the hold-up, given the motion is consistent with USDOJ's position that expedited discovery should not proceed, and in general it streamlines and expedites things. So I just will note that we asked for your position and did not yet get one, and if you feel the need to respond to the motion, please do so.

We will copy the additional folks on everything going forward. Hopefully – apologies in advance if we miss someone (it is hard to keep track these days). Have a nice weekend if you can break away.

Steve



**Steven Perfrement**
Senior Litigation Counsel
Executive Office
**New Mexico Department of Justice**
505-601-7727
SPerfrement@nmdoj.gov

CONFIDENTIALITY NOTICE: The information in this e-mail and in any attachment may contain information that is legally privileged. It is intended only for the attention and use of the named recipient. If you are not the intended recipient, you are not authorized to retain, disclose, copy or distribute the message and/or any of its attachments. If you received this e-mail in error, please notify sender at the New Mexico Department of Justice and delete this message. Thank you.

---

**From:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>
**Sent:** Friday, June 6, 2025 7:08 AM
**To:** Steven Perfrement <SPerfrement@nmdoj.gov>; Hartlieb, Garry (CIV) <Garry.Hartlieb2@usdoj.gov>; Wen, James J. (CIV) <James.J.Wen@usdoj.gov>; dlenz@campaignlegalcenter.org; khamilton@campaignlegalcenter.org; bferguson@campaignlegalcenter.org; hszilagyi@campaignlegalcenter.org; rappel@campaignlegalcenter.org
**Cc:** Anjana Samant <ASamant@nmdoj.gov>; Siler, Jacob S. (CIV) <Jacob.S.Siler@usdoj.gov>; Sinzdak, Gerard J (CIV) <Gerard.J.Sinzdak@usdoj.gov>; Dos Santos, Joshua Y. (CIV) <Joshua.Y.Dos.Santos@usdoj.gov>; Santos, Josh Y Dos. (OSG) <Josh.Y.Dos.Santos@usdoj.gov>
**Subject:** RE: Motion to Vacate Discovery Order

Thanks, Steven.  We will get back to you on our position as soon as we can.  I am adding Jake Siler, Gerry Sinzdak, and Josh Dos Santos here.  Please include Jake on any issue pertaining to district court litigation in this case and Josh and Gerry for any issue pertaining to litigation in any appellate court.  Thanks!

---

**From:** Steven Perfrement <SPerfrement@nmdoj.gov>
**Sent:** Thursday, June 5, 2025 2:03 PM
**To:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Hartlieb, Garry (CIV) <Garry.Hartlieb2@usdoj.gov>; Wen, James J. (CIV) <James.J.Wen@usdoj.gov>; dlenz@campaignlegalcenter.org; khamilton@campaignlegalcenter.org; bferguson@campaignlegalcenter.org; hszilagyi@campaignlegalcenter.org; rappel@campaignlegalcenter.org
**Cc:** Anjana Samant <ASamant@nmdoj.gov>
**Subject:** [EXTERNAL] Motion to Vacate Discovery Order

Greetings –

We are planning to file the attached motion to vacate the limited discovery order for the reasons expressed in the motion (it may change slightly as it is being reviewed, but not substantively).  Please let me know if I can represent that it is unopposed.

Feel free to reach out if you would like to discuss.

Steve
505-601-7727

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**ATTACHMENT B**

| | |
|---|---|
| **From:** | Steven Perfrement |
| **To:** | Lynch, Christopher M. (CIV); Hartlieb, Garry (CIV); Wen, James J. (CIV); dlenz@campaignlegalcenter.org; khamilton@campaignlegalcenter.org; bferguson@campaignlegalcenter.org; hszilagyi@campaignlegalcenter.org; rappel@campaignlegalcenter.org |
| **Cc:** | Anjana Samant; Siler, Jacob S. (CIV); Sinzdak, Gerard J (CIV); Dos Santos, Joshua Y. (CIV); Santos, Josh Y Dos. (OSG) |
| **Subject:** | RE: Motion to Vacate Discovery Order |
| **Attachments:** | image001.png |

Chris –

For a number of reasons, we cannot agree to foreclose discovery on topics that might overlap with those covered by the expedited discovery requests and that would be permissible under the federal rules. If we pursue merits discovery, it will be tailored to the factual and legal landscape as it exists when drafted.

Hope you had a nice weekend,

Steve



**Steven Perfrement**
Senior Litigation Counsel
Executive Office
**New Mexico Department of Justice**
505-601-7727
SPerfrement@nmdoj.gov

CONFIDENTIALITY NOTICE: The information in this e-mail and in any attachment may contain information that is legally privileged. It is intended only for the attention and use of the named recipient. If you are not the intended recipient, you are not authorized to retain, disclose, copy or distribute the message and/or any of its attachments. If you received this e-mail in error, please notify sender at the New Mexico Department of Justice and delete this message. Thank you.

**From:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>
**Sent:** Friday, June 6, 2025 1:07 PM
**To:** Steven Perfrement <SPerfrement@nmdoj.gov>; Hartlieb, Garry (CIV) <Garry.Hartlieb2@usdoj.gov>; Wen, James J. (CIV) <James.J.Wen@usdoj.gov>; dlenz@campaignlegalcenter.org; khamilton@campaignlegalcenter.org; bferguson@campaignlegalcenter.org; hszilagyi@campaignlegalcenter.org; rappel@campaignlegalcenter.org
**Cc:** Anjana Samant <ASamant@nmdoj.gov>; Siler, Jacob S. (CIV) <Jacob.S.Siler@usdoj.gov>; Sinzdak, Gerard J (CIV) <Gerard.J.Sinzdak@usdoj.gov>; Dos Santos, Joshua Y. (CIV) <Joshua.Y.Dos.Santos@usdoj.gov>; Santos, Josh Y Dos. (OSG) <Josh.Y.Dos.Santos@usdoj.gov>
**Subject:** RE: Motion to Vacate Discovery Order

Hi Steven,

Thanks for your response, and appreciate your trying to keep everyone on the thread; I understand the challenges given the many folks involved in these cases on both sides. Regarding the motion you filed today, will Plaintiffs agree not to seek the same or equivalent discovery in this case?

Thanks, and have a good weekend.

Best,
Chris

---

**From:** Steven Perfrement <SPerfrement@nmdoj.gov>
**Sent:** Friday, June 6, 2025 10:19 AM
**To:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Hartlieb, Garry (CIV) <Garry.Hartlieb2@usdoj.gov>; Wen, James J. (CIV) <James.J.Wen@usdoj.gov>; dlenz@campaignlegalcenter.org; khamilton@campaignlegalcenter.org; bferguson@campaignlegalcenter.org; hszilagyi@campaignlegalcenter.org; rappel@campaignlegalcenter.org
**Cc:** Anjana Samant <ASamant@nmdoj.gov>; Siler, Jacob S. (CIV) <Jacob.S.Siler@usdoj.gov>; Sinzdak, Gerard J (CIV) <Gerard.J.Sinzdak@usdoj.gov>; Dos Santos, Joshua Y. (CIV) <Joshua.Y.Dos.Santos@usdoj.gov>; Santos, Josh Y Dos. (OSG) <Josh.Y.Dos.Santos@usdoj.gov>
**Subject:** [EXTERNAL] RE: Motion to Vacate Discovery Order

Thanks, Christopher –

I am going to go ahead and get the motion on file this morning. I don't really understand the hold-up, given the motion is consistent with USDOJ's position that expedited discovery should not proceed, and in general it streamlines and expedites things. So I just will note that we asked for your position and did not yet get one, and if you feel the need to respond to the motion, please do so.

We will copy the additional folks on everything going forward. Hopefully – apologies in advance if we miss someone (it is hard to keep track these days). Have a nice weekend if you can break away.

Steve



**Steven Perfrement**
Senior Litigation Counsel
Executive Office
**New Mexico Department of Justice**
505-601-7727
SPerfrement@nmdoj.gov

CONFIDENTIALITY NOTICE: The information in this e-mail and in any attachment may contain information that is legally privileged. It is intended only for the attention and use of the named recipient. If you are not the intended recipient, you are not authorized to retain, disclose, copy or distribute the message and/or any of its

attachments. If you received this e-mail in error, please notify sender at the New Mexico Department of Justice and delete this message. Thank you.

---

**From:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>
**Sent:** Friday, June 6, 2025 7:08 AM
**To:** Steven Perfrement <SPerfrement@nmdoj.gov>; Hartlieb, Garry (CIV) <Garry.Hartlieb2@usdoj.gov>; Wen, James J. (CIV) <James.J.Wen@usdoj.gov>; dlenz@campaignlegalcenter.org; khamilton@campaignlegalcenter.org; bferguson@campaignlegalcenter.org; hszilagyi@campaignlegalcenter.org; rappel@campaignlegalcenter.org
**Cc:** Anjana Samant <ASamant@nmdoj.gov>; Siler, Jacob S. (CIV) <Jacob.S.Siler@usdoj.gov>; Sinzdak, Gerard J (CIV) <Gerard.J.Sinzdak@usdoj.gov>; Dos Santos, Joshua Y. (CIV) <Joshua.Y.Dos.Santos@usdoj.gov>; Santos, Josh Y Dos. (OSG) <Josh.Y.Dos.Santos@usdoj.gov>
**Subject:** RE: Motion to Vacate Discovery Order

Thanks, Steven. We will get back to you on our position as soon as we can. I am adding Jake Siler, Gerry Sinzdak, and Josh Dos Santos here. Please include Jake on any issue pertaining to district court litigation in this case and Josh and Gerry for any issue pertaining to litigation in any appellate court. Thanks!

---

**From:** Steven Perfrement <SPerfrement@nmdoj.gov>
**Sent:** Thursday, June 5, 2025 2:03 PM
**To:** Lynch, Christopher M. (CIV) <Christopher.M.Lynch@usdoj.gov>; Hartlieb, Garry (CIV) <Garry.Hartlieb2@usdoj.gov>; Wen, James J. (CIV) <James.J.Wen@usdoj.gov>; dlenz@campaignlegalcenter.org; khamilton@campaignlegalcenter.org; bferguson@campaignlegalcenter.org; hszilagyi@campaignlegalcenter.org; rappel@campaignlegalcenter.org
**Cc:** Anjana Samant <ASamant@nmdoj.gov>
**Subject:** [EXTERNAL] Motion to Vacate Discovery Order

Greetings –

We are planning to file the attached motion to vacate the limited discovery order for the reasons expressed in the motion (it may change slightly as it is being reviewed, but not substantively). Please let me know if I can represent that it is unopposed.

Feel free to reach out if you would like to discuss.

Steve
505-601-7727

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.